■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. [627 NYS2d 50] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 24, 1992, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that his absence during portions of the jury voir dire violated his fundamental right to be present at all material stages of trial. We reject the

defendant's argument. While he contends that the sidebar questioning of the potential jurors involved matters within the scope of the Court of Appeals decision in *People v Sloan* (79 NY2d 386), our review of the record reveals that the sidebar discussion involved an inquiry into the jurors' own, or a family member's, prior involvement with the police. As such, it involved the prospective jurors' background and ability to weigh the evidence objectively, and falls within the ambit of *People v Antommarchi* (80 NY2d 247), which, by virtue of the fact that the jury selection in this case occurred in July 1992, is inapplicable to this case *(see, People v Mitchell,* 80 NY2d 519).

The defendant further contends that the court erred when ruling on his *Sandoval* motion. Again, we disagree. Contrary to the defendant's contention, the trial court did not improvidently exercise its discretionary responsibilities in rendering its *Sandoval* ruling, inasmuch as it permitted inquiry into two of the defendant's prior convictions but prohibited inquiry into a youthful offender adjudication and a case pending against the defendant at the time of his trial. Furthermore, in rendering its ruling, the court specifically stated that inquiry would be allowed into the two prior convictions because they were highly relevant to the defendant's credibility and willingness to further his interest at society's expense *(see, People v Sandoval,* 34 NY2d 371).

The defendant's remaining contentions are unpreserved for appellate review or without merit *(see, People v Suitte,* 90 AD2d 80). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.