■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAL BONNETTE, Appellant. [628 NYS2d 554] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 27, 1993, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the Supreme Court's *Sandoval* ruling was an improvident exercise of the court's discretion because it permitted the prosecutor to cross examine the defendant, if he testified, about his prior robbery conviction *(see, People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371; *People v Lopez,* 161 AD2d 670; *People v Alexander,* 154 AD2d 607). As the court specifically observed, the robbery conviction was relevant to the issue of the defendant's honesty and credibility *(see, People v Jones,* 215 AD2d 501; *People v Smalls,* 128 AD2d 907).

The sentence that was imposed is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.