■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE McCARGO, Appellant. [631 NYS2d 407] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered June 11, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied his right to be present during off-the-record, side-bar discussions with prospective jurors *(see, People v Antommarchi,* 80 NY2d 247). Indeed, although the record indicates that the subject side-bar discussions centered almost exclusively around the prospective jurors' background and ability to weigh the evidence objectively, there was no violation of the defendant's rights, as explicated in *People v Antommarchi,* because jury selection occurred prior to October 27, 1992, the date *People v Antommarchi* was decided *(see, People v Mitchell,* 80 NY2d 519, 529; *People v Jones,* 215 AD2d 501). To the extent that the substance of two side-bar voir dire discussions with prospective jurors is not contained in this record, we do not reach the issue of whether the defendant was denied his right to be present because the factual record is insufficient to permit appellate review, and we decline to remit the case to the Supreme Court for a reconstruction hearing *(see, People v Jupiter,* 210 AD2d 431; *People v Neal,* 205 AD2d 711).

The defendant was not entitled to be present at any of the side-bar discussions conducted at trial because they neither implicated his peculiar factual knowledge nor presented the potential for his meaningful participation *(see, People v Rodriguez,* 85 NY2d 586; *People v Williams,* 85 NY2d 945; *People v Velasco,* 77 NY2d 469, 472).

The defendant was not denied the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, without merit. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.