■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY PADGETT, Appellant. [718 NYS2d 860] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered March 16, 1998, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, Goldstein and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PANEZO, Appellant. [719 NYS2d 580] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 6, 1998, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, assault in the second degree, criminal possession of stolen property in the fifth degree (two counts), reckless endangerment in the first degree, criminal possession of a weapon in the second degree (two counts), criminal trespass in the first degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress testimony concerning the showup identification made of him near the crime scene (*see, People v Duuvon,* 77 NY2d 541; *People v Hicks,* 68 NY2d 234; *People v Love,* 57 NY2d 1023).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Maher,* 89 NY2d 318; *People v Vanegas,* 237 AD2d 469; *People v McCargo,* 219 AD2d 683, *lv denied* 87 NY2d 904, *cert denied* 518 US 1008). Ritter, J. P., Altman, Luciano and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED PARKER, Appellant. [719 NYS2d 584] —Appeal by the defen-