■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ARCE, Appellant. [627 NYS2d 15] —Judgment, Supreme Court, Bronx County (Richard Price, J., at *Wade* hearing; Joseph Mazur, J., at *Huntley* hearing, trial and sentencing),

rendered July 7, 1993, convicting defendant, after a jury trial, of robbery in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of three to nine years, one year, and one year, respectively, is unanimously reversed, on the law and the facts and in the interest of justice, and the matter is remanded for a new trial.

In the interest of justice we consider appellant's unpreserved claim that the court's *Allen* charge contained language found reversible in *People v Antommarchi* (80 NY2d 247). The trial court's *Allen* charge included the following language: "[I]f you had a reasonable doubt on any relative point * * * and one or more of your fellow jurors questioned you about it, he would be willing and able to give what you believe is a fair, calm explanation of your position based upon the evidence or lack of evidence."

The Court of Appeals in *Antommarchi* (80 NY2d, *supra*, at 252) held that nearly identical language in an *Allen* charge "that requires jurors to supply concrete reasons 'based upon the evidence' for their inclination to acquit implicitly imposes on defendants the burden of presenting a defense that supplies the jurors with the arguments they need to legitimize their votes [citations omitted]". Given the context in which the charge was given and the less than overwhelming proof of guilt, the error cannot be deemed harmless. Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.