■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HORN, Appellant. [629 NYS2d 453] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered March 9, 1993, convicting defendant, after jury trial, of murder in the second degree, robbery in the first degree, and robbery in the second degree, and sentencing him to concurrent terms of 25 years to life, 8$^{1}$/$_{3}$ to 25 years, and 5 to 15 years, respectively, unanimously affirmed.

Giving due deference to the hearing court's determinations of credibility and fact (*People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734), the record supports the hearing court's finding that the police lawfully entered defendant's home upon receiving the voluntary consent of a person of requisite authority and control over the premises (*People v Cosme*, 48 NY2d 286, 290). The hearing court also properly found that the police advice to the consenter that they were looking for an individual whose name had been used by defendant was not so unfair as to undermine the consent (*People v Tarsia*, 50 NY2d 1, 11). Thus, contrary to defendant's argument, his subsequent post-*Miranda* statements were not tainted by unlawful police entry into the home defendant shared with his family.

Defendant failed to preserve by specific objection his current claim that the Medical Examiner's testimony regarding the process of suffocation served solely to "inflame the jury" (CPL 470.05; *People v Fleming*, 70 NY2d 947). In any event, the court did not abuse its discretion in permitting expert testimony regarding the process of suffocation that would occur when a victim is left bound and gagged, as described by several of the People's witnesses and defendant's own confession, on the ground that this testimony was highly relevant in connection with the charges that included both felony murder and depraved indifference murder (*see, People v Cronin*, 60 NY2d 430, 433).

Viewing the trial court's jury charge on identification in its entirety, it accurately stated the applicable legal principles, the evidence presented regarding identification, and the manner in which the jury was required to determine the issue (*see, People v Coleman*, 70 NY2d 817).

The trial court properly granted the People's request for a missing witness charge in connection with defendant's brother, on the grounds that the witness in question could offer noncumulative testimony regarding the material issue of defendant's whereabouts at or about the time of the crime and immediately thereafter, and that the relationship between defendant and the witness would make it natural to expect that

such witness would testify favorably to defendant (*People v Gonzalez*, 68 NY2d 424, 427). Defendant's admitted contact with his brother up to the point of trial and failure to show that diligent efforts could not locate him defeat defendant's claim, made at trial and on appeal, that the witness was unavailable (*supra*, at 428). Further, as there is no evidence that the witness in question was under investigation as an accomplice, defendant's unsubstantiated claim that the uncalled witness would have invoked his Fifth Amendment rights if called did not serve to bar the trial court's grant of the missing witness charge (*see, People v Macana*, 84 NY2d 173, 179-180).

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.