■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS OO., Appellant. [654 NYS2d 467] —White, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered on July 24, 1995, which sentenced defendant upon his adjudication as a youthful offender.

On the evening of September 23, 1994, Leon Wells, Douglas Bertrand and other friends went to an outdoor beer party attended by 25 to 30 other young adults. During the party an altercation developed between Wells and defendant in which Wells sustained a 2 to 3-inch knife cut on his hand that did not require medical attention. One week later on September 30, 1994 the same individuals were in attendance at another large beer party. Again, an altercation developed; however, on this occasion, Bertrand sustained a left hemopneumothorax secondary to a stab wound to the left thorax that required surgical intervention.

On October 2, 1994 the police went to defendant's residence where, upon informing defendant's father that they wanted to speak with defendant, they were admitted. When defendant appeared, the police and defendant's father engaged in a conversation regarding the September 30, 1994 incident, at which point defendant stated "I'm claiming self-defense". The police instructed defendant not to speak further regarding the

incident. Thereafter, they asked defendant if he could produce the knife used in the altercation and, at his father's direction, defendant surrendered it to the officers. Defendant and his father then willingly accompanied the police to the police station, where defendant voluntarily and knowingly waived his *Miranda* rights and proceeded to provide an incriminating oral statement but refused to furnish a written one.

Subsequently, an indictment was returned against defendant charging him with, *inter alia*, the crime of assault in the second degree stemming from the incident involving Wells, and assault in the first degree arising from the attack upon Bertrand. After trial, defendant was acquitted of the charges relative to Wells but convicted of those pertaining to Bertrand. County Court adjudicated defendant a youthful offender and sentenced him to a 180-day jail term, five years' probation and ordered him to pay Bertrand $1,200 in restitution. Defendant appeals.

Initially, defendant argues that County Court erred in denying his motion to suppress his oral statements and knife, claiming that they were obtained in violation of the *Payton* rule (*Payton v New York*, 445 US 573). We disagree since defendant's father manifestly possessed the authority to consent to the police entrance into the residence (*see, People v Horn*, 217 AD2d 406, *lv denied* 86 NY2d 843; *People v Washington*, 209 AD2d 817, 818-819, *lv denied* 85 NY2d 944; *People v Huff*, 200 AD2d 761, 762). Further, the record supports County Court's finding that defendant voluntarily consented to hand over the knife to the police (*see, People v King*, 222 AD2d 699, 700).

Defendant's next argument, centered on County Court's *Allen* charge, is more substantial. As part of its charge, County Court instructed the jury that: "You swore that if you had a reasonable doubt * * * and one or more of your fellow jurors questions you about it, you would be willing and be able to give him or her what you believe is a doubt, based upon the evidence or lack of evidence in this particular case, a doubt which you can express or articulate."

The Court of Appeals has held that an essentially similar instruction constituted reversible error as it violated the Due Process Clause of both the State and Federal Constitutions by implicitly imposing upon a defendant "the burden of presenting a defense that supplies the jurors with the arguments they need to legitimize their votes" (*People v Antommarchi*, 80 NY2d 247, 252). Although defendant did not preserve this issue for appellate review, we will consider it in the interest of justice (*see, People v Jones*, 216 AD2d 324, 325; *People v Arce*, 215 AD2d 277, 278).

It is well understood that a court's charge is of supreme importance to the accused and must be crafted to assure that a defendant receives a fair trial (*see, People v Owens*, 69 NY2d 585, 589). Since County Court's *Allen* charge did not meet this standard a reversal of defendant's conviction is required, particularly in light of the close question regarding his guilt exemplified by the jury's difficulty in reaching a verdict.

We further note that County Court erred in issuing a permanent order of protection on behalf of Wells as he is neither a crime victim nor a family or household member of a crime victim (*see*, CPL 530.13 [4] [a], [b]).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, order of protection issued on behalf of Leon Wells vacated and matter remitted to the County Court of St. Lawrence County for a new trial.