■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ROCHE, Appellant. [658 NYS2d 16] —Judgment of the Supreme Court, New York County (Richard Lowe, III, J.), rendered December 22, 1992, convicting the defendant, after a jury trial, of murder in the second degree, and sentencing him, as a second felony offender, to an indeterminate prison term of from 25 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

The jury, after reviewing selected portions of the testimony and other evidence received at trial, announced that it was deadlocked and the court, in response, delivered an *Allen* charge in the course of which the jury was instructed: "If you have a question, well I have a doubt about this, those who do not have the doubt about A, ask those who do have the doubt, what is your doubt based upon, tell me why and the why's [sic] remember should and must be based upon the evidence or lack of evidence. * * * And when those people express those doubts, those who are on the receiving end must listen to those doubts and then you must offer reasons why they are mistaken in their views, all right." Immediately after the *Allen* charge, defense counsel objected to the aforecited portion of it upon the ground that it impermissibly shifted the burden of proof to the defense. The court, however, finding no error in its supplementary charge, declined to issue a curative instruction and sent the jury back to continue its deliberations. A relatively short while later the jury, without additional communication with the court, announced its verdict convicting the defendant.

In *People v Antommarchi* (80 NY2d 247), the Court of Appeals, addressing the permissibility of an *Allen* charge which in its relevant aspects was materially indistinguishable from the *Allen* charge here at issue,* observed: "The language used in the *Allen* charge, however, went beyond permissible bounds by placing on each juror the express duty of giving a 'fair, calm explanation for your position'. Manifestly, the burden of

---

* The objectionable portion of the *Allen* charge in *Antommarchi* read: " 'You swore that, if you have a reasonable doubt * * * when one or more of your fellow jurors questioned you about it, you would be willing and able to give him * * * [an] explanation * * * for your position based upon the evidence or the lack of evidence in this particular case' " (*People v Antommarchi, supra* at 251).

proving guilt beyond a reasonable doubt in a criminal proceeding must always remain with the People (*see, In re Winship,* 397 US 358). *An instruction that requires jurors to supply concrete reasons 'based upon the evidence' for their inclination to acquit implicitly imposes on defendants the burden of presenting a defense that supplies the jurors with the arguments they need to legitimize their votes* [citations omitted]. As such, the charge actually reverses the constitutionally required principles that the defense bears no burden and that it is the prosecution that must introduce evidence sufficient to persuade the fact finder, beyond a reasonable doubt, of the defendant's guilt [citation omitted]. Consequently, the instruction in the court's *Allen* charge violated the Due Process Clauses of both the State and Federal Constitutions" *(supra,* at 252 [emphasis added]).

Because the presently disputed charge instructed in essence that those jurors inclined to acquit would be obliged, if they were to adhere to their positions, to articulate proof-based grounds for their doubts as to the defendant's guilt, the conclusion is unavoidable pursuant to *Antommarchi* that the charge functioned impermissibly to reallocate constitutionally assigned burdens and as such was offensive to due process. There must, accordingly, be a reversal and a new trial. In this connection, we note that even if harmless error analysis were appropriate, and given the nature of the error here at issue there is considerable authority arguably to the contrary (*see, Sullivan v Louisiana,* 508 US 275; *People v Sanders,* 69 NY2d 860), there would be no possibility of concluding that the constitutionally offensive *Allen* charge delivered in this case was harmless beyond a reasonable doubt. The formerly deadlocked jury announced its verdict convicting the defendant at a relatively brief interval subsequent to the delivery of the *Allen* charge and without any intervening communication with the court. Under these circumstances, we see no way of conclusively discounting the erroneous instruction as a factor in the eventuation of the guilty verdict. Concur—Murphy, P. J., Wallach, Tom and Mazzarelli, JJ.

