■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY DIAZ, Appellant. [666 NYS2d 684] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered May 13, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree (two

counts), and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In the instant case, the trial court, in its *Allen* charge (*Allen v United States,* 164 US 492), instructed the jury that "[i]f you have a reasonable doubt * * * and one or more of your fellow jurors questions you about it, you should be willing and able to give that juror what you believe is a fair, calm explanation for your position based upon the evidence or lack of evidence". Given that this language is virtually identical to the language which was condemned by the Court of Appeals in *People v Antommarchi* (80 NY2d 247), reversal is warranted, as this charge implicitly imposed on the defendant the burden of supplying the jurors with the arguments they needed to legitimize their votes to acquit (*see, People v Roche,* 239 AD2d 270; *People v Jones,* 216 AD2d 324, 325; *People v Arce,* 215 AD2d 277, 278). Further, the formerly deadlocked jury announced its verdict convicting the defendant within a relatively brief interval subsequent to the delivery of the *Allen* charge and without any intervening communication with the court. Under these circumstances, there is "no way of conclusively discounting the erroneous instruction as a factor in the eventuation of the guilty verdict" (*see, People v Roche, supra,* at 271).

The defendant's remaining contention is without merit. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.