■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK HENRY, Appellant. [727 NYS2d 445] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Rios, J.), rendered July 8, 1997, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In its *Allen* charge (*see, Allen v United States,* 164 US 492), given after the jury had notified the trial court for the second time that it was deadlocked, the court instructed that each juror had to "try to convince the others, if you could, that you're correct and show them why you're correct. Show them the law. Show them the evidence." This language impermissibly shifted the burden of proof to the defendant by placing an obligation on the jurors to provide an explanation for their respective positions, thereby depriving the defendant of a fair trial (*see, People v Antommarchi,* 80 NY2d 247, 252; *People v Diaz,* 245 AD2d 526, 527). Accordingly, we reverse and grant a new trial.

In the event the People offer the same evidence in the new trial as was presented here, we note that the defendant would be entitled to a circumstantial evidence charge on the count of criminal possession of a controlled substance in the third degree (*see, People v Roldan,* 88 NY2d 826, 827; *People v Daddona,* 81 NY2d 990, 992).

The trial court properly limited the defendant's cross-examination regarding the writing on the voucher slip contained inside the sealed evidence envelope (*see, People v Alvino,* 71 NY2d 233, 247-248).

In light of our determination that a new trial is required, we do not address the defendant's remaining contention. O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.