■ ABEL MUCIUS, Respondent, v COUNTY OF NASSAU et al., Appellants. [733 NYS2d 458] —In an action, *inter alia,* to recover damages for false arrest and malicious prosecution, the defendants appeal from a judgment of the Supreme Court, Nassau County (Carter, J.), dated May 23, 2000, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $170,000.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and a new trial is granted, with costs to abide the event.

The plaintiff commenced this action against the County of Nassau and Police Officers Michelle Schifano and Michael Maher, alleging that he was falsely arrested and prosecuted for obstruction of governmental administration and resisting arrest. The charges arose from an incident in which the plaintiff stopped his car to assist a friend who had been stopped by police because his car resembled one which had been

involved in a robbery. The plaintiff claimed that the defendant police officers assaulted him and then arrested him when he tried to explain that his friend had been with him all evening at another friend's party.

The existence of probable cause for a warrantless arrest bars a subsequent cause of action to recover damages for either false arrest or malicious prosecution (*see, Grieco v Nassau County Police Dept.,* 266 AD2d 262). Under the circumstances herein, the issue of probable cause was a credibility question properly submitted to the jury (*see, Willinger v City of New Rochelle,* 212 AD2d 526). However, having submitted the issue to the jury, the Supreme Court then charged that the defendants must prove each element of the underlying crimes by a fair preponderance of the evidence to show the existence of probable cause. Thus, the charge erroneously instructed the jury that the validity of the arrest depended upon an ultimate finding that the plaintiff was guilty, rather than a finding that probable cause existed at the time for the arrest (*see, Pierson v Ray,* 386 US 547, 555). Accordingly, a new trial is warranted (*see generally, People v Henry,* 283 AD2d 587). Santucci, J. P., Altman, Townes and Crane, JJ., concur.