■ The People of the State of New York, Respondent, v David Grant, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Doolittle, J.), rendered January 14, 1987, convicting him of conspiracy in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Santagata, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the police lacked probable cause to arrest him and, therefore, that a sum of currency which was recovered from him and a statement which he made to the police should have been suppressed as the fruits of an unlawful arrest. We disagree.

Following his arrest for the sale of cocaine to an undercover police officer, the informant made a statement against his penal interest, implicating not only the defendant but himself in the sale of drugs *(see, People v Riggins,* 161 AD2d 813).

While it is true that the informant was caught "red-handed" selling cocaine to the undercover officer and could be viewed as having little to lose by falsely accusing the defendant of being his supplier, it can also be inferred that an individual in the informant's position would not lightly mislead the police and thereby exacerbate his predicament *(People v Comforto,* 62 NY2d 725). The reliability of the informant's information was further established by a telephone conversation which he made at the instruction of the police in which a speaker, who identified himself as David, and whom the informant identified as the defendant, agreed to enter into a drug transaction with the informant *(see, People v Johnson,* 66 NY2d 398, 404; *People v Comforto, supra,* at 727).

There is also no merit to the defendant's contention that the People failed to establish at trial that the defendant could read and understand the English language and, therefore, that the waiver of his rights was involuntary. Apart from the fact that the record clearly suggests that the defendant could read and understand English, an illiterate defendant may validly waive his rights so long as it is established that he understands the immediate meaning of the warnings *(see, People v Williams,* 62 NY2d 285). In this case, the record clearly supports such a finding.

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.