■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STABLEY, Appellant. [596 NYS2d 247] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of statutory rape in the third degree (Penal Law § 130.25 [2]) and two counts of endangering the welfare of a child (Penal Law § 260.10 [1]). He contends that the indictment should have been dismissed because the People failed to specify in the indictment, bill of particulars or other discovery, the precise date on which each event occurred, although reasonable investigation would have revealed such date. He further contends that the trial court deprived him of the right to be present at all material stages of the trial (see, CPL 260.20) by conducting a side-bar discussion concerning a prospective juror in defendant's absence.

Defendant initially moved, as part of his omnibus motion, to dismiss several counts of the indictment for lack of specificity of the time period for each crime (see, CPL 200.50 [6]). At oral argument of the motion, the court directed the prosecutor to investigate further and, if possible, to particularize the time period. At a subsequent pre-trial conference, defendant acknowledged that the prosecutor had attempted in good faith to comply with the court's directive. Defendant did not raise the specificity issue at a later pre-trial conference or during the trial. Under the circumstances, defendant abandoned his motion to dismiss for lack of specificity and waived his right to challenge the indictment upon that ground. His post-trial motion, made without a showing of good cause, was properly denied.

We need not reach the issue whether defendant was present at a side-bar conference during voir dire because the rule enunciated in People v Antommarchi (80 NY2d 247, rearg denied 81 NY2d 759) is not to be applied retroactively (see, People v Mitchell, 80 NY2d 519). (Appeal from Judgment of Monroe County Court, Marks, J.—Rape, 3rd Degree.) Present —Denman, P. J., Green, Balio, Fallon and Boehm, JJ.