■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE NEAL, Appellant. [614 NYS2d 295] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered December 16, 1992, convicting him of

attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was denied effective assistance of counsel is based largely on matters which are dehors the record and thus are not reviewable on direct appeal *(see, People v Yancy,* 189 AD2d 793; *People v Langhorne,* 177 AD2d 713; *see also, People v Rivera,* 71 NY2d 705; *People v Brown,* 45 NY2d 852). Insofar as we are able to review the claim, we find that the record demonstrates that the defendant was afforded meaningful representation *(see, People v Baldi,* 54 NY2d 137).

The defendant further contends that he was denied his right to be present at a material stage of the trial because he was not present when a prospective juror was questioned at a side-bar conference, and the discussion may have concerned issues of bias or hostility *(see, People v Antommarchi,* 80 NY2d 247). The record reveals that a prospective juror asked to approach the bench and, after an off-the-record discussion with the attorneys present, the juror was excused without objection by the defense counsel. The record fails to reveal if the defendant was present at the side-bar conference, nor is there any indication in the record regarding the substance of the discussion. We decline to reach this issue, as the factual record is insufficient to permit appellate review *(see, e.g., People v Kinchen,* 60 NY2d 772; *People v Noland,* 189 AD2d 829). We find it inappropriate under the circumstances of this case to direct further proceedings in order to allow the defendant to inject new facts into the record regarding the substance of the side-bar discussion *(see, e.g., People v Raventos,* 199 AD2d 429; *cf., People v Odiat,* 82 NY2d 872).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.