■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY YOUNGBLOOD, Appellant. [614 NYS2d 529] —Judgment, Supreme Court, New York County (Herbert Altman, J., and a jury), rendered December 19, 1988, convicting defendant of murder in the second degree and robbery in the first degree, and sentencing him to concurrent indeterminate terms of from 21 years to life and 8⅓ to 25 years, respectively, and order of the same court, same Justice, entered July 27, 1992, denying defendant's motion, pursuant to CPL 440.10, to vacate said judgment, unanimously affirmed.

Layne Alexander was killed in his apartment on January 27, 1988. Late on the night of January 31, four days later, defendant telephoned the 13th Precinct and told a detective that he had been Alexander's friend for three years and that he was concerned that he might be a suspect because he had left fingerprints in the apartment. Defendant and Alexander had been lovers. The detective told him he was not a suspect and asked him to come to the precinct house. When defendant agreed, the detective dispatched a police car for him. Defendant rode in the back seat, unhandcuffed. He was not handcuffed while he discussed the case and was free to leave. When he asked the detective whether the detective believed him, however, and the detective said he did not, defendant began to cry and admitted that he had killed Alexander. The detective thereupon gave him his *Miranda* warnings, and there followed several other confessions, including a videotaped confession to the Assistant District Attorney.

The hearing court credited the testimony offered by the People's witnesses and rejected that offered by the defendant to the effect that the defendant was under the influence of drugs at the time of questioning; that the officers subjected him to custodial interrogation; and that he was not free to leave. We agree with the hearing court that the initial conversations with defendant did not have to be preceded by *Miranda* warnings since an innocent person in defendant's position would not have believed that he was in custody *(People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Moreover, defendant was not subjected to custodial interrogation since the conversation with a detective was not likely to elicit the ensuing confession *(see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007). Finally, on the CPL 440.10 motion, the detective, who had since retired from the force, offered an

affidavit which was obviously motivated by the fact that he had somehow become romantically involved with the defendant and therefore there was no basis to credit that affidavit and to order a hearing on the motion.

Defendant's further claim that he was denied his right to be present at material stages of the trial is also without merit. During the general questioning of prospective jurors, the court asked whether any of them would be affected by the homosexual activities and cocaine addiction involved in the case and by defendant's lack of a work record. Some of such prospective jurors came forward and at sidebars at which defendant was not present the Judge questioned them in connection therewith. Defendant made no objection to the sidebars and the record is silent as to what questions were asked. Following the trial, the Court of Appeals decided *People v Sloan* (79 NY2d 386), in which it was held that a defendant has a right to be present when such questioning concerns some of the events and witnesses involved in the case, and *People v Antommarchi* (80 NY2d 247), which established a defendant's right to be present when the sidebar inquiries concern general bias. It is unnecessary to classify the questioning here, however, since both *Sloan* and *Antommarchi* have now been held to be inapplicable to questionings before the dates on which they were decided *(People v Sprowal,* 84 NY2d 113, with respect to *Sloan; People v Mitchell,* 80 NY2d 519, with respect to *Antommarchi).* Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.