THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SMITH, Appellant. [618 NYS2d 347] —Judgment, Supreme Court, New York County (James J. Leff, J.), rendered November 20, 1989, convicting defendant, after a jury trial, of two counts of murder in the second degree (intentional and felony), and one count each of robbery in the first degree, rape in the first degree, and sodomy in the first degree, and sentencing him to two concurrent terms of 25 years to life, to be served consecutively to three consecutive terms of 3⅓ to 25 years, unanimously affirmed.

Defendant's right to be present at all material stages of the trial under the law as it existed at the time of trial was not violated when, with his attorney's consent, the entire voir dire of several jurors was conducted in the robing room outside of defendant's presence. We reject the distinction defendant draws between the right to be present at voir dire on specific aspects of juror bias, which he acknowledges is traceable to *People v Antommarchi* (80 NY2d 247) and *People v Sloan* (79 NY2d 386) and therefore not retroactive to the time of his trial *(People v Mitchell,* 80 NY2d 519; *People v Sprowal,* 84 NY2d 113), and the right to be present at voir dire in general, which he argues pre-exists and is independent of *Antommarchi* and *Sloan* and therefore applicable to his trial. Although New York has long recognized a general right to be present at the "impanneling" of a jury *(Maurer v People,* 43 NY 1, 3), the fact is that *Antommarchi* "represented a dramatic shift away from [the] customary and established procedure" of conducting substantial portions of the voir dire in the defendant's absence *(People v Mitchell, supra,* at 525). Moreover, absent a sufficient record of the voir dire, it is impossible to know or even conceive of any questions that might have been asked of potential jurors other than those relating to "special bias" *(People v Sloan, supra)* and "general bias" *(People v Antommarchi, supra),* with respect to which the right to be present is non-retroactive only, and the ability to serve, with respect to

which there is no right to be present *(People v Velasco,* 77 NY2d 469).

The procedure that was used to conceal from the jury the source of challenges (CPL 270.15 [2]), whereby the attorneys signalled their peremptory challenges to the clerk who then announced them in open court in defendant's presence, violated neither defendant's right to be present *(People v Velasco, supra,* at 473), nor the rule that a Judge must personally preside over all stages of the trial *(see, People v Mai,* 175 AD2d 692, *lv denied* 78 NY2d 1081). However, we caution that the better practice would be for even this mechanical step to be conducted by the court on the record in the defendant's presence, unless waived.

The court did not abuse its discretion when it removed defendant from the courtroom after he disrupted the trial and gave no clear assurance that the disruption was over *(People v Byas,* 173 AD2d 314, *lv denied* 78 NY2d 1126).

Defendant's challenges to the court's charge are unpreserved and, in view of the overwhelming evidence that defendant was criminally responsible, we decline to review them in the interest of justice. Were we to review, we would find that defendant was not deprived of a fair trial by isolated misstatements or confusing statements in a charge that, viewed in its entirety, was correct *(People v Canty,* 60 NY2d 830, 831-832). We further find that absent any request, or any issue other than lack of criminal responsibility by reason of mental disease or defect, the court's failure to instruct the jury pursuant to CPL 60.55 (2) did not constitute reversible error *(cf., People v Maula,* 138 AD2d 307, *lv denied* 72 NY2d 863). Concur—Sullivan, J. P., Carro, Rosenberger, Williams and Tom, JJ.