■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DAVIS, Appellant. [628 NYS2d 149] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered December 23, 1992, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the question of whether the defendant was present during the trial court's questioning of two prospective jurors as indicated herein, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

The defendant contends, *inter alia,* that his absence during portions of the jury voir dire violated his fundamental right to be present at all material stages of trial, and therefore the judgment of conviction must be reversed, and a new trial ordered *(see, People v Antommarchi,* 80 NY2d 247; *People v Daniels,* 213 AD2d 419).

Initially, we address the applicability of *Antommarchi* to the proceedings in question. In *People v Mitchell* (80 NY2d 519, 529), the Court of Appeals concluded that *Antommarchi* is to be applied prospectively, and thus "applies only to those cases in which jury selection occurred after October 27, 1992, the date *People v Antommarchi* was decided". Jury selection in this case commenced on October 27, 1992, and concluded on October 28, 1992; the challenged portions of the voir dire occurred on the later date. While *Antommarchi* therefore does not apply to the first day of jury selection, we perceive of no reason to accept the People's argument that, in the interest of internal consistency in this trial, *Antommarchi* should not apply to the second day of jury selection, which "occurred after October 27, 1992" *(People v Mitchell, supra,* at 529). Accordingly, we conclude that the rule of law announced in *Antommarchi* is applicable to those challenged instances of the trial court's questioning of prospective jurors which occurred on October 28, 1992.

The first inquiry by the trial court challenged by the defen-

dant arose when a prospective juror apologized to the court, stating that after reading the court's juror questionnaire, she would not be able to serve. The court then asked the prospective juror to approach the bench, and, after an off-the-record discussion, excused the juror. The record contains no indication regarding the substance of the court's discussion with this prospective juror, and is, accordingly, insufficient to permit appellate review *(see, People v Jupiter,* 210 AD2d 431; *People v Neal,* 205 AD2d 711). Nor do we believe it appropriate, under the circumstances of this case, to direct further proceedings in order to allow the defendant to inject new facts into the record regarding the substance of the side-bar discussion *(see, People v Neal, supra,* at 712; *People v Raventos,* 199 AD2d 429, 430).

The second instance of questioning occurred sometime after the luncheon recess was taken, when, in the court's words, the prospective juror "asked to come out", and then informed the court: "I don't think I can serve * * * I just have trepidations about this whole thing. I feel very nervous". The court then stated that it would excuse the juror, after which the prospective juror added: "My brother was also in prison". The subject matter of this colloquy implicates *Antommarchi* concerns because it goes to the juror's ability to weigh evidence objectively and to potential biases *(see, People v Antommarchi, supra,* at 250). The record does not, however, indicate whether the defendant was present during this colloquy. This factual issue as to the defendant's presence or absence during this colloquy must be resolved before the appeal is decided. Thus, the appeal is held in abeyance and the case is remitted to the trial court for a reconstruction hearing on this matter *(see, People v Michalek,* 82 NY2d 906; *People v Law,* 199 AD2d 282).

We draw a similar conclusion with respect to the third discussion challenged by the defendant. The court questioned a prospective juror in the hallway regarding his statement to another prospective juror, which was overheard by an attorney, that he recognized the defendant, and that if the defendant was acquitted of this crime, he would commit another crime. This prospective juror acknowledged that the defendant looked familiar, but denied making the other statement. The court excused that juror "because of that". Inasmuch as this inquiry triggered considerations under *Antommarchi* (i.e., general bias), and *People v Sloan* (79 NY2d 386) (i.e., specific bias), the defendant should have been present. Since it cannot be ascertained from the record whether the defendant was present for this questioning, the reconstruction hearing should address this issue as well.

Finally, the defendant's claim that the court's questioning of another prospective juror was off-the-record is not supported by the record. While the court did initially give him the opportunity to come up to the bench to discuss the issue of a friend who had been accused of a crime, the record reveals that the prospective juror did not do so, instead answering the remaining questions in open court, on the record. He was subsequently peremptorily challenged by the People. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.