■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. BURCH, Appellant. [650 NYS2d 1020] —Mikoll, J. P. Appeals (1) from a judgment of the County Court of Washington County (Berke, J.), rendered February 8, 1994, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal sale of marihuana in the fifth degree and unlawful possession of marihuana, and (2) by permission, from an order of said court, entered August 28, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

The sole basis for these appeals is the denial of defendant's CPL article 440 motion to vacate the judgment of conviction based on alleged *Antommarchi* violations (*see, People v Antommarchi*, 80 NY2d 247) relating to defendant's absence from side bar conferences the court and counsel had with two prospective jurors. County Court denied the motion. Neither of these two members of the venire were ultimately selected to serve on the jury which tried defendant.

We would affirm. We find no *Antommarchi* violation herein. County Court specifically advised defendant of his right to be present at all side bar conferences. The record reveals that defendant waived such right in the presence of his counsel, after being advised by counsel of his right to attend. Thereafter, defendant did not assert any demand to be present at side bar conferences. We find his waiver to be knowing, intelligent and voluntary.

Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.