OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Upon direct appeal from his conviction for first and second degree robbery, defendant argued that he was deprived of his right to be present during voir dire questioning of prospective jurors (see,
 
 People v Antommarchi,
 
 80 NY2d 247). Because the trial court had refused to record substantial portions of the voir dire proceeding, the Appellate Division remanded the case for a reconstruction hearing. The reconstruction court found that defendant was not present during several conferences with prospective jurors at the Bench regarding their ability to be fair and impartial. Two of these prospective jurors were challenged peremptorily by the defense, and one was excused by the parties on consent.
 

 We agree with the Appellate Division that defendant’s exclusion from the Bench conferences violated his right to be present during all material stages of trial, requiring reversal. A defendant has the right to be present during questioning of prospective jurors concerning their ability to weigh the evidence objectively. Where, however, the defendant’s presence at a proceeding could not have afforded any meaningful opportunity to affect the outcome, the defendant’s exclusion does
 
 *883
 
 not require reversal
 
 (see, People v Maher,
 
 89 NY2d 318 [decided today];
 
 People v Roman,
 
 88 NY2d 18, 26).
 

 Here, three of the prospective jurors questioned in defendant’s absence were excused by either a defense peremptory challenge or with defense counsel’s consent. Each prospective juror was thus dismissed as the result of a discretionary judgment made by defense counsel. Because defendant might have provided valuable input regarding his attorney’s discretionary decision to excuse these three venire members, the record " 'do[es] not negate the possibility that defendant might have made a meaningful contribution to the [proceeding]’ ”
 
 (People v Roman,
 
 88 NY2d at 28,
 
 supra,
 
 quoting
 
 People v Favor,
 
 82 NY2d 254, 267).
 

 We reject the People’s invitation to distinguish among peremptory challenges or consensual excusáis based upon whether the dismissed juror appeared favorable or unfavorable for the defense, a procedure that would result in sheer speculation by reviewing courts. It constitutes yet another attempt to inject a case-specific prejudice analysis into the inquiry, which this Court has repeatedly held inapplicable to violations of a defendant’s fundamental right to be present
 
 (see, People v Favor,
 
 82 NY2d at 267,
 
 supra).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.