■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TURCIO VANEGAS, Appellant. [655 NYS2d 965] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered June 29, 1995, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Mantilla*, 220 AD2d 691; *People v Hall*, 220 AD2d 615). In any event, viewing the evidence in the light most favorable to the prosecution (*see*, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to disprove the defense of justification beyond a reasonable doubt. The jury could have rationally concluded both that the defendant did not reasonably believe that the victim was about to use deadly physical force against him, and that the defendant had an opportunity to retreat to safety without resorting to the use of deadly physical force (*see*, Penal Law § 35.15 [2] [a]; *People v Goetz*, 68 NY2d 96; *People v Stubbs*, 234 AD2d 323; *People v Hill*, 225 AD2d 902; *People v Hall, supra*). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

Furthermore, we find no merit to the defendant's claim that the hearing court should have found that he did not effectively waive his constitutional rights because of his limited command of the English language and minimal education. It is well settled that an individual may validly waive *Miranda* rights "so long as the immediate import of those warnings is comprehended" (*People v Williams*, 62 NY2d 285, 289; *see also, People v Alexandre*, 215 AD2d 488; *People v Acuna*, 145 AD2d 427, 430). Contrary to the defendant's claim, the evidence presented at the hearing supports the court's determination that the defendant understood his *Miranda* rights and knowingly and voluntarily waived them (*see*, *People v Alexandre, supra; People v Grant*, 183 AD2d 846, 847; *People v Eismann*, 158 AD2d 537, 538).

The defendant alleges that he was improperly excluded from purported sidebar conferences with prospective jurors which may have concerned issues of bias or hostility (*see, People v Antommarchi*, 80 NY2d 247). However, since there is no record of the nature of any such conferences, meaningful appellate

review of this issue is precluded (see, People v Kinchen, 60 NY2d 772, 773-774; People v McCargo, 219 AD2d 683, 684, cert denied 518 US —, 116 S Ct 2530; cf., People v Maher, 89 NY2d 318). Under these circumstances, it would be inappropriate to direct further proceedings in order to allow the defendant to inject new facts into the record regarding the existence of such sidebar conferences and the substance of any discussions (see, People v Morgan, 224 AD2d 720; People v Neal, 205 AD2d 711; cf., People v Ross, 231 AD2d 651; People v Davis, 216 AD2d 314).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.