■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RAMOS, Appellant. [667 NYS2d 269] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered May 10,1996, convicting him of attempted burglary in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the question of whether the defendant was present during the trial court's questioning of two prospective jurors, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.

The defendant contends that he was denied his right to be present during an on-the-record sidebar questioning of two jurors. It is undisputed that the defendant did not effectively waive that right, and the record reflects that the sidebar conversations concerned the "juror[s'] bias, hostility or predisposition to believe or discredit the testimony of potential witnesses" (*People v Antommarchi,* 80 NY2d 247, 250). One of the jurors was seated on the jury while the other was peremptorily challenged by defense counsel.

As *Antommarchi* considerations were fully implicated in both conferences, the defendant should have been present. Since his presence or absence during the conferences cannot be ascertained from the record, a reconstruction hearing is necessary (*see, People v Davis,* 216 AD2d 314, 315). Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.