■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSLOW HUNTER, Appellant. [672 NYS2d 337] —Judgment, Supreme Court, New York County (Laura Drager, J.), rendered December 21, 1995, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12½ to 25 years, 7½ to 15 years and 1 year, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

Although the evidence of guilt was overwhelming, reversal is required by the Court of Appeals' ruling in *People v Antommarchi* (80 NY2d 247), by which we are bound. Defendant

specifically reserved his *Antommarchi* rights. The court advised the parties prior to voir dire that it would bifurcate the voir dire sidebar questioning of potential jurors. First, the court would elicit non-bias difficulties excusing their jury service, which would be discussed at the Bench with the juror, the prosecutor and defense counsel, but not in defendant's presence. This procedure, to which defendant assented, has, by itself, no *Antommarchi* consequences (*People v Camacho*, 90 NY2d 558). The court then indicated that it would address bias-related matters with potential jurors in defendant's presence so as to protect his *Antommarchi* rights. However, during the non-bias part of voir dire, three potential jurors informed the court of prior personal experiences with crime and the criminal justice system, which the court then pursued in counsel's, but not defendant's, presence; the record does not reflect that defendant was advised of the substance of these discussions (*cf., People v Robinson*, 239 AD2d 258) so that he was hardly in a position to protect his interests. Since two of the potential jurors were discharged for cause, there were no *Antommarchi* consequences (*People v Camacho, supra,* at 561) and reversal is not required (*People v Roman,* 88 NY2d 18, 28) as to them.

The third person, though, served as a juror. She had informed the court that her son had been charged with attempted murder two years prior, but that he was acquitted. She assured the court that she could be fair in the present case, and she responded affirmatively to the court's observation that "the system, obviously you think, works." Nevertheless, while we might speculate that she might have been inclined to favor a defendant, or at least be fair, this remains impermissible speculation (*People v Davidson*, 89 NY2d 881, 883). Thereafter, when she was questioned in open court, this information was not repeated. Although defendant by that time had disrupted proceedings and was removed from the court room, the end result is the same: he had not been apprised that this potential juror had had an experience with the criminal justice system that might bear on her objectivity.

The Court of Appeals requires that in order to avoid *Antommarchi* error, the record must " ' "negate the possibility that defendant might have made a meaningful contribution" ' " to the voir dire of this juror (*People v Davidson, supra,* at 883; *People v Roman, supra,* at 26-28). Under that standard and on this record, we cannot conclude that defendant's presence at this time would have been "useless" or "but a shadow" with no meaningful consequence (*see, e.g., People v Roman, supra;*

*People v Favor, supra).* Since our review of the record indicates that defendant was not even aware of the juror's statement, and since his participation was affirmatively required, we cannot logically conclude that non-preservation bars review. Under constraint of *People v Antommarchi (supra)*, and derivative rulings, we must reverse and remand for a new trial. Concur—Ellerin, J. P., Wallach, Tom and Mazzarelli, JJ.