■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL SANCHEZ, Appellant. [705 NYS2d 26] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered October 24, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third

degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was charged with selling two vials of crack to an undercover officer at about 1:00 A.M., on June 8, 1996, near 1288 Hoe Avenue in the Bronx. He contends that he was deprived of his right to be present at a material stage of his trial when he was excluded from the sidebar questioning of two prospective jurors (*People v Antommarchi,* 80 NY2d 247, *rearg denied* 81 NY2d 759).

At the start of jury selection, defense counsel informed the court that defendant wished to be present during the questioning of venirepersons. Defendant additionally told the court, "I want to be present". The court agreed to include defendant when the jurors were questioned individually about their ability to be objective. However, his presence would not be required for preliminary questions about scheduling conflicts and the like.

During the course of voir dire, in the presence of defendant and counsel, the court asked the venirepersons about their past jury experience. Two prospective jurors, Ms. Harris and Ms. Postrk, both stated that after the conclusion of their prior jury services, the attorneys spoke to them and divulged information that had not come out at the trials. The court requested a sidebar with these jurors. The transcript reads, "Whereupon, the following transpired at the sidebar in the presence of counsel. The defendant is not present."

At this sidebar, from which defendant was clearly excluded, despite his prior unequivocal assertion of his *Antommarchi* rights, the following information was disclosed. Ms. Harris had served on a murder trial at which the defendant did not testify, and only afterwards learned that the defendant had killed before. However, she claimed that the experience would not prejudice her in the instant case if this defendant did not testify. Ms. Postrk said that after the defendant in her case was acquitted, the prosecutor apparently flirted with her, and told her that the evidence was weak because a police witness had lied on the stand. She said that this incident would not affect her consideration of police testimony in the case at bar.

At this point, the record states, "Whereupon, the following transpires in open court in the presence of counsel, the defendant and the prospective jurors." Thus, there can be no doubt that defendant was excluded from the sidebar questioning of Ms. Harris and Ms. Postrk. After the voir dire concluded, the

prosecutor did not exercise any peremptory challenges, while the defense challenged three jurors, including Ms. Harris. Ms. Postrk was seated on the jury. Defendant was convicted and sentenced as noted above.

The sidebar questioning of prospective jurors about their backgrounds and their ability to be objective is a material stage of the trial, at which the defendant has the right to be present (CPL 260.20; *People v Antommarchi, supra*). Where, as here, the defendant has not waived his *Antommarchi* rights, his exclusion from such an inquiry requires reversal (*People v Davidson,* 89 NY2d 881, 882).

An exception exists if the juror was peremptorily challenged by the prosecutor or removed for cause by the court, because under these circumstances the defendant's participation could not have had any meaningful effect on the outcome (*People v Roman,* 88 NY2d 18, 26, *rearg denied* 88 NY2d 920). This exception does not apply here, because defendant's input might have affected defense counsel's discretionary decision to retain or remove Ms. Harris and Ms. Postrk (*People v Maher*, 89 NY2d 318, 325).

The People concede that defendant's *Antommarchi* rights were violated, but argue that his claim is unpreserved because he failed to object to his exclusion from the sidebar. However, the Court of Appeals has stated unambiguously that traditional preservation rules do not apply to *Antommarchi* claims: "[B]ecause defendant had a fundamental right to be present, his failure to object to being excluded from the side-bar discussions is not fatal to his claim" (*People v Antommarchi, supra,* at 250).

The purpose of the preservation rule is to put the court on notice of defendant's belief that his rights have been violated, so that any error may be corrected at once. In *People v Davidson* (224 AD2d 354, *affd* 89 NY2d 881), as in the instant case, the People urged this Court to extend the preservation requirements of *People v Robles* (86 NY2d 763) to a situation where defendant had insisted on his *Antommarchi* rights at the outset but had not objected later when he was improperly excluded from a sidebar. We found the preservation rule unnecessary in this context because "the court was obviously on notice that [defendant] was absent" and that he had wished to be present (*People v Davidson,* 224 AD2d, *supra,* at 355). Moreover, "inasmuch as counsel had already made his position regarding the necessity of defendant's presence completely clear," he was not required to object further when the court failed to comply (*People v Davidson,* 224 AD2d, *supra,* at 356). Accordingly, a

new trial is required. Concur—Rosenberger, J. P., Williams, Ellerin and Saxe, JJ.