■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARIM MARZUG, Appellant. [706 NYS2d 804] —Case held, deci-

sion reserved and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and other crimes. He contends that County Court violated his constitutional and statutory right to be present during the impanelment of the jury when it preliminarily screened prospective jurors during sidebar discussions outside his presence (see, People v Antommarchi, 80 NY2d 247, rearg denied 81 NY2d 759). Each prospective juror was asked: "Have you, any member of your family, a close friend or relative ever been in trouble with the law? Two, is there any reason why you cannot sit and be a fair and impartial juror in this case? And three, has anyone close to you ever been the victim of sexual assault?" If the prospective juror was not challenged for cause, he or she was returned to the jury pool and participated in the remainder of the jury selection process, which was conducted in defendant's presence. Some of those prospective jurors were excused pursuant to defendant's peremptory challenges, and some were selected to sit on the jury.

Because of the type of questions asked, defendant had the right to be present during those sidebar discussions (see, People v Antommarchi, supra, at 250). Furthermore, contrary to the People's contention, the violation of that right may be raised for the first time on appeal (see, People v Antommarchi, supra, at 250). We also reject the People's contention that any error is harmless. Although defendant fully participated in the jury selection process after the preliminary screening was completed, the preliminary screening was not "replicated de novo in defendant['s] * * * presence" (People v Starks, 88 NY2d 18, 29).

Nevertheless, there is an issue whether defendant, while off-the-record, affirmatively waived his right to be present at the sidebar discussions. We therefore hold the case, reserve decision and remit the matter to Onondaga County Court for a reconstruction hearing on that issue (see, People v McCullough, 248 AD2d 938, 939). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Manslaughter, 1st Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Kehoe, JJ.