Smith, J.
(dissenting.) I agree with the majority that there was no Rosario or Brady violation in this case. Nevertheless, I believe that People v Antommarchi (80 NY2d 247 [1992]) was violated.
The Trial Judge settled a record in which he indicated that the defendant had waived his Antommarchi rights. The Judge stated that while the prosecutor and the defense attorney were at the bench discussing the qualification of a juror to sit in the case, the prosecutor raised the Antommarchi issue. At that time, the defense attorney reportedly turned to defendant and asked him if he wanted to be present. Defendant reportedly shook his head and waved no. This is not a valid Antommarchi waiver. This is distinctly different from the situation in People v Keen (252 AD2d 278, 281, affd 94 NY2d 533), in which the Trial Judge asked the defense counsel in defendant’s presence, on the record, if he waived his Antommarchi rights and this Court ruled that there was a valid Antommarchi waiver.
Moreover, this is not a case in which the prosecutor and the defense attorney disputed something in the record and the Judge resolved the dispute by settling the record. Rather, this is a case where the court reporter’s notes do not indicate anything about an Antommarchi waiver. In addition, the defense attorney specifically stated that this incident, as recalled by the Judge, did not take place while the prosecutor indicated that it did take place.
It should also be noted that both the defense attorney and the defendant state under oath that the defense attorney never informed the defendant about his Antommarchi rights. The defense attorney states that although he knew that the defendant had the right to be present when questions were put to prospective jurors concerning their ability to be fair, he was of the opinion that the right could be waived by the attorney alone and he waived that right without consultation with the defendant.
In light of the differing factual allegations, there should have been a hearing as to what the facts were.
*426 Accordingly, I dissent.
Judges Levine, Ciparick, Wesley and Rosenblatt concur with Chief Judge Kaye; Judge Smith dissents in a separate opinion.
Orders affirmed.