■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CAMARENA, Appellant. [743 NYS2d 433] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered January 13, 1999, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 6 to 12 years and 2½ to 5 years, respectively, unanimously affirmed.

Pursuant to this Court's prior decision (282 AD2d 210) finding the record ambiguous with respect to whether or not defendant was present at sidebar conferences during the second round of jury selection, the trial court conducted a thorough reconstruction hearing. There is no basis upon which to disturb the court's credibility determinations, which are supported by

the record (*see, People v Prochilo*, 41 NY2d 759, 761). The reconstruction hearing establishes that, during the round in question, defendant personally agreed that his right to be present at sidebars pursuant to *People v Antommarchi* (80 NY2d 247) would be effectuated by way of a slightly altered procedure, whereby defendant would remain a short distance from a sidebar and listen on a headset to a simultaneous translation, by the official court interpreter, of the sidebar proceeding. Defense counsel discussed this procedure with his client and both agreed that defendant's use of headphones in lieu of his physical presence at sidebars was beneficial as it would avoid contact with prospective jurors and the display of defendant's incarcerated status as a result of his escort by court officers. Defendant continued to participate in the sidebar conferences in a meaningful manner through his use of the headphones, his proximity to the sidebar permitting him to see the panelists' faces, and his frequent conferences with his attorney. We agree with the reconstruction court that "whether or not the precise arrangement adopted for the second round would have satisfied *Antommarchi* if *imposed* on a defendant in lieu of physical presence at a sidebar, it plainly satisfied this defendant." (Emphasis in original.) The reconstructed record clearly establishes that defendant personally consented to the arrangement (*see, People v Santorelli*, 95 NY2d 412, 424-425).

We perceive no basis for a reduction of sentence.

Defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Nardelli, J.P., Tom, Andrias, Saxe and Rubin, JJ.