THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE ALLEN, Appellant. [751 NYS2d 895] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered October 6, 2000, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant contends that he was absent from sidebar discussions with 10 prospective jurors and thus was deprived of his right to be present at all material stages of the trial (*see generally People v Antommarchi,* 80 NY2d 247, *rearg denied* 81 NY2d 759). We agree with defendant that he had the right to be present during at least some of those sidebar discussions based on their subject matter (*see id.* at 250) and that, if he was absent therefrom, the error would not be harmless if the prospective jurors at issue were peremptorily challenged by defense counsel, sworn as jurors, or excused by consent of defense counsel (*see People v Davidson,* 89 NY2d 881, 883). Because the record is silent with respect to whether defendant was present for those discussions (*see People v McCullough,* 248 AD2d 938) or affirmatively waived his right to be present (*see People v Marzug,* 270 AD2d

945), we hold the case, reserve decision, and remit the matter to Monroe County Court for a reconstruction hearing to determine those issues. The court should further determine at the reconstruction hearing whether, as the People contend, three of the prospective jurors at issue were excused for cause, in which case defendant's presence during sidebar discussions concerning those prospective jurors would not have been required. Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Lawton, JJ.