■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE VELEZ, Appellant. [777 NYS2d 495]—

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered June 29, 2000, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of nine years, unanimously af-

firmed. Upon defendant's appeal from his conviction, this Court remanded the matter to the Supreme Court for a reconstruction hearing to resolve certain factual issues as to whether defendant knowingly, intelligently and voluntarily waived his right to attend robing room conferences with prospective jurors (304 AD2d 391 [2003]; *see also People v Antommarchi*, 80 NY2d 247 [1992]). After a careful review of the record, including the reconstruction court's findings of fact, and all the reasonable inferences that flow therefrom, we find no violation of defendant's *Antommarchi* rights (*see People v Keen*, 94 NY2d 533, 538-539 [2000]; *People v Pope*, 297 AD2d 614 [2002], *lv denied* 99 NY2d 563 [2002]).

It is well settled that a defendant's *Antommarchi* waiver of his or her right to be present during questioning of prospective jurors is not invalid merely because it was expressed by defense counsel rather than in defendant's own voice (*People v Santana*, 247 AD2d 201 [1998], *lv denied* 91 NY2d 977 [1998]). Here, prior to the commencement of the robing room conferences, the trial court noted on the record that it had been informed by defense counsel that defendant chose to remain outside of the robing room. Defense counsel testified that he informed defendant of his *Antommarchi* rights prior to these conferences. Similarly, the trial court's trial notes indicate that defendant himself waived his *Antommarchi* rights. Neither defendant nor his counsel raised any objection to defendant's absence at these robing room conferences. Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his rights to attend the robing room conferences.

We also find that the verdict was based upon legally sufficient evidence and was not against the weight of the evidence. On this record, there is no basis to disturb the jury's credibility determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]). Given these determinations, there was ample evidence that defendant knowingly entered the subject apartment with the requisite intent.

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Mazzarelli, Sullivan, Ellerin and Lerner, JJ.