■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS K. MCADAMS, Appellant. [802 NYS2d 531]—

Mercure, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 14, 2004, upon a verdict convicting defendant of the crime of assault in the third degree.

Defendant was indicted for two counts of assault in the first degree as a result of an incident during which he kicked, stomped and otherwise assailed a drinking companion. Following a jury trial, he was acquitted of the two counts charged in the indictment but was convicted of the lesser included offense of assault in the third degree. On appeal, defendant asserts a meritorious claim that he was denied the right to be present at sidebar conferences with prospective jurors regarding juror bias, and thus, we reverse.

At the commencement of jury selection and again when the first sidebar conference began, County Court indicated in a cursory fashion that defendant was welcome to join all sidebar conferences if he desired. Neither defendant nor defense counsel expressly waived defendant's right to be present at sidebar conferences with potential jurors (*see People v Antommarchi*, 80 NY2d 247 [1992]). Defendant was absent from numerous

sidebar conferences, including one during which a juror was questioned on matters relating to bias. The People acknowledge that the juror served as a deliberating juror. Thus, the sidebar was a "material stage" of defendant's trial (*see generally People v Roman*, 88 NY2d 18 [1996]; *see also People v Elliot*, 299 AD2d 731, 734 [2002]), and absent a knowing and voluntary waiver by defendant of his right to be present at that sidebar conference, his conviction cannot stand (*see People v Velasquez*, 1 NY3d 44, 48 [2003]; *People v Vargas*, 88 NY2d 363, 375-376 [1996]; *People v Antommarchi, supra* at 250).

The People contend that defendant's waiver of his right to attend the sidebar may be inferred from the fact that County Court never withdrew its general invitation to join or prevented defendant from attending all sidebar conferences, along with the absence of objection by defendant or counsel when sidebars were conducted in his absence. This argument is unavailing. In our view, County Court's comment regarding defendant's right to be present at all sidebars did not sufficiently " 'articulate[ ] the substance of the *Antommarchi* right' " (*People v Elliot, supra* at 734, quoting *People v Keen*, 94 NY2d 533, 538-539 [2000]; *cf. People v Ha*, 14 AD3d 877, 878 [2005]).* Nor is there any evidence that defense counsel explained the right to defendant or any other indication in the record that would permit an inference that defendant was adequately advised of his *Antommarchi* rights (*cf. People v Jackson*, 296 AD2d 658, 659 [2002], *lv denied* 98 NY2d 768 [2002]; *People v Brown*, 256 AD2d 92 [1998], *lv denied* 93 NY2d 967 [1999]). Because nothing in the record suggests that there may have been a knowing and voluntary waiver, remittal for a reconstruction hearing on this issue is not necessary (*compare People v Velez*, 304 AD2d 391, 391 [2003]; *People v Marzug*, 270 AD2d 945, 946 [2000]). Inasmuch as defendant was convicted only of the lesser included offense of assault in the third degree, the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another grand jury (*see People v Ross*, 2 AD3d 465, 466 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Lucious*, 285 AD2d 968, 970 [2001], *lv denied* 97 NY2d 657 [2001]; *see also People v Gonzalez*, 61 NY2d 633, 635 [1983]). Defendant's remaining contentions have been considered and found to be lacking in merit.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury.

---

* We note that the sufficiency of County Court's *Antommarchi* notification was neither raised nor considered in *People v Harris* (304 AD2d 848 [2003], *lv denied* 100 NY2d 582 [2003]).