OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of driving while ability impaired reversed on the law and as a matter of discretion in the interest of justice, and matter remanded to the court below for a new trial on said charge.
Defendant’s vehicle was stopped after a police officer observed him pass through a red light. The officer testified at trial that after approaching the vehicle, he observed that defendant’s eyes were bloodshot and glassy, the odor of alcoholic beverage emanated from defendant’s breath and he was unsteady on his feet. Defendant was later asked to perform a breath test but, after proper refusal warnings given by the police, defendant refused to submit to said test. Defendant was charged, inter alia, with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). At trial, the lesser included offense of driving while ability impaired was submitted to the jury. The defendant was acquitted of the charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and found guilty of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]).
Defendant’s contention that the evidence was legally insufficient to establish his guilt of driving while ability impaired on the ground that the officer’s testimony was not credible was not preserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). In any event, reversal on said ground is not warranted since the evidence was legally sufficient to support the conviction. Moreover, the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).
Defendant contends that the police officer lacked probable cause to stop him because the officer’s testimony at trial established that he did not actually see the red light. Since defendant failed to make an appropriate motion with regard thereto in the court below (see CPL 710.40 [4]) on the ground *21 that no probable cause existed based upon the officer’s trial testimony, said issue is unpreserved for appellate review (see CPL 470.05 [2]; People v Hossain, 298 AD2d 599 [2002]). In any event, we find that the officer’s trial testimony established that he had probable cause to believe that defendant committed a traffic violation and, thus, properly stopped defendant’s vehicle (see People v Robinson, 97 NY2d 341, 348-349 [2001]).
Defendant next contends that he was denied a fair trial because, during cross-examination and summation, the prosecution improperly shifted the burden of proof to him by creating a presumption against him that he had to prove his innocence by taking a chemical test. During cross-examination, the prosecutor asked the defendant the following question: “You didn’t say, T want to prove my innocence so give me the test,’ right?” The court overruled defense counsel’s objection and defendant indicated that he had not made such a request. During summation, the prosecutor remarked, “Well, if he’s innocent, then why doesn’t he want to take the test to prove that?”
It is well settled that the People have the unalterable burden of proving beyond a reasonable doubt every element of the crime charged (In re Winship, 397 US 358, 364 [1970]; see People v Antommarchi, 80 NY2d 247, 252 [1992]; People v Kohl, 72 NY2d 191, 198 [1988]; People v Patterson, 39 NY2d 288, 301-302 [1976]; see also 1 CJI[NY] 6.05, at 244). The prosecutor’s inquiry during cross-examination and his remark during summation, in effect, suggested to the jury that it was defendant’s burden to prove his innocence by submitting to a chemical test. While defense counsel objected to the question during cross-examination, the court below erred in overruling the objection and, thus, did not take the appropriate action to dilute the implication of such inquiry. Although defense counsel did not object to the remark made during summation, given the severity of the error, we review this branch of defendant’s contention in the interest of justice (see CPL 470.15 [6] [a]). While refusal to take a chemical test is admissible at trial against a defendant as evidence of his consciousness of guilt (see Vehicle and Traffic Law § 1194 [2] [f]; People v Thomas, 46 NY2d 100, 108 [1978]), the prosecution sought to use defendant’s refusal for purposes beyond that allowed by the law. We conclude that the cumulative ef *22 feet of such misconduct by the prosecution substantially prejudiced defendant’s right to a fair trial (see People v Calabria, 94 NY2d 519, 523 [2000]). Accordingly, the judgment convicting defendant of driving while ability impaired is reversed and a new trial is ordered as to said charge.
Rudolph, EJ., Tanenbaum and Lippman, JJ., concur.