(April 14, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHJEEM WILLIAMS, Appellant. [877 NYS2d 39]—

Judgment, Supreme Court, Bronx County (Raymond L. Bruce, J.), rendered September 26, 2005, convicting defendant, after a

jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The totality of the record (*see People v Montez*, 269 AD2d 154 [2000], *lv denied* 95 NY2d 800 [2000]; *People v Leonor*, 245 AD2d 22, 23 [1997], *lv denied* 92 NY2d 855 [1998]) demonstrates that defendant knowingly, intelligently and voluntarily waived his right to be present at discussions with potential jurors regarding possible bias (*see People v Antommarchi*, 80 NY2d 247 [1992]). After defendant's counsel had already told the court that he advised defendant of his *Antommarchi* rights, the court explained to defendant that he had an absolute right to be present at any sidebars, or any time the court and both counsel had a discussion. When the court and both counsel retired to the deliberation room to hear from potential jurors about possible problems they had with serving, defendant did not join them, and the Court Clerk informed the court that defendant "elected" not to do so. Later the court reiterated to defendant that he had a right to be present during any sidebar discussions or any discussions with the court and both counsel, and defendant confirmed that he had been advised about these rights by his own counsel. Counsel also later confirmed in the deliberation room that defendant was again waiving his rights to be present. Given the flexible standard for finding such a waiver (*see People v Vargas*, 88 NY2d 363, 375-376 [1996]), this record supports the conclusion that defendant waived this right. While the court articulated a right to be present that was broader than the law requires, its statement necessarily included the rights guaranteed by *Antommarchi*, and the surrounding circumstances support the inference that defendant understood and waived those rights.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The element of intent to sell was established by evidence of defendant's contemporaneous drug sale to an undercover officer. Defendant was not acquitted of the sale count; instead, that count was dismissed on the People's application after defendant's conviction on the possession count. Moreover, even if he had been acquitted of the sale count, we would reach the same result (*see People v Rayam*, 94 NY2d 557 [2000]; *People v Freeman*, 298 AD2d 311 [2002], *lv denied* 99 NY2d 582 [2003]).

Defendant's pro se claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.