People v McKenzie-Smith (2022 NY Slip Op 04518)

People v Mckenzie-smith

2022 NY Slip Op 04518

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.

773/20 KA 14-02245

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KESEAN R. MCKENZIE-SMITH, DEFENDANT-APPELLANT. 

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 19, 2013. The judgment convicted defendant upon a jury verdict of murder in the second degree, robbery in the first degree (three counts) and attempted robbery in the first degree (two counts). The judgment was reversed by order of this Court entered October 9, 2020 (187 AD3d 1668), and the People on February 28, 2022 were granted leave to appeal to the Court of Appeals from the order of this Court (38 NY3d 929), and the Court of Appeals on May 19, 2022 reversed the order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (— NY3d — [May 19, 2022]). 
Now, upon remittitur from the Court of Appeals and having considered the facts and issues raised but not determined on the appeal to this Court,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentence imposed on count one of the indictment shall run concurrently with the consecutive sentences imposed on the remaining counts, and as modified the judgment is affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v McKenzie-Smith, — NY3d &mdash, 2022 NY Slip Op 03308 [2022], revg 187 AD3d 1668 [4th Dept 2020]). Defendant and a codefendant were charged with, inter alia, murder in the second degree (Penal Law § 125.25 [3]), arising from the death of a man who was shot during a robbery. Both defendant and the codefendant were convicted after a joint trial. On the codefendant's appeal, we modified the sentence imposed, and as modified we affirmed the judgment of conviction (People v Wilkins, 175 AD3d 867 [4th Dept 2019], affd 37 NY3d 371, 380 [2021]). We previously reversed the judgment convicting defendant (McKenzie-Smith, 187 AD3d at 1669-1670), concluding that there was insufficient evidence that defendant or his counsel knowingly waived defendant's Antommarchi rights (see generally People v Antommarchi, 80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]). The People appealed, however, and the Court of Appeals reversed our determination, concluding that this Court "erred in holding that defendant's Antommarchi claim . . . entitled him to a new trial" (McKenzie-Smith, — NY3d at &mdash, 2022 NY Slip Op 03308 at *1). The Court of Appeals remitted the matter to this Court for "consideration of the facts and issues raised but not determined" previously (id.).
Contrary to defendant's contention, he is not entitled to a new trial based on Supreme Court's restrictions on the cross-examination of a prosecution witness. During the trial, defendant's counsel and the codefendant's counsel questioned a prosecution witness extensively about his prior bad acts, and the witness admitted that he committed acts constituting, inter alia, forgery and theft. Defendant's counsel asked the same witness about his involvement in an alleged gang assault, and the witness denied committing the assault. After learning that a grand jury had declined to indict the witness on charges related to the alleged gang assault, the court [*2]barred defendant's counsel from asking the witness further questions about that alleged assault. Initially, we note that, at trial, defendant did not contend that he was deprived of the ability to argue that the witness received a benefit from the prosecutor due to the grand jury's determination not to indict the witness, thus he failed to preserve that contention for our review (see generally People v George, 67 NY2d 817, 818-819 [1986]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant did preserve his contention that the court erred in precluding him from cross-examining the witness concerning prior bad acts committed by the witness that resulted in the charges with which the grand jury declined to indict defendant. Nevertheless, even assuming, arguendo, that the court erred in precluding such cross-examination (cf. generally People v Smith, 27 NY3d 652, 662-668 [2016], rearg denied 28 NY3d 1112 [2016]), we conclude that any error is harmless. The evidence of defendant's guilt is overwhelming, and inasmuch as the witness was extensively cross-examined regarding other bad acts that were directly pertinent to his credibility, and he had already denied committing the alleged gang assault, there is no significant probability that defendant would have been acquitted if defendant's attorney had been permitted to engage in further questioning of the witness about that alleged crime (see Smith, 27 NY3d at 665; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant failed to preserve for our review his contention that the court violated the procedures regarding sentencing (see generally People v Morales-Lopez, 110 AD3d 1248, 1249 [3d Dept 2013], lv denied 22 NY3d 1140 [2014]; People v Brotz, 108 AD3d 1236, 1236 [4th Dept 2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant further contends, and the People correctly concede, however, that the court erred in directing that the sentence imposed on count one, charging him with felony murder, run consecutively to the consecutive sentences imposed on the remaining counts (see Wilkins, 175 AD3d at 869; see generally People v Parks, 95 NY2d 811, 814-815 [2000]). Consequently, we modify the judgment by directing that the sentence imposed on count one of the indictment run concurrently with the consecutive sentences imposed on the remaining counts. The sentence, as modified, is not unduly harsh or severe.
We have considered defendant's further contention and conclude that it does not warrant reversal or further modification of the judgment.
Entered: July 8, 2022 Ann Dillon Flynn
Clerk of the Court