■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GREEN, Appellant. [628 NYS2d 484] —Judgment, Supreme

Court, New York County (Jay Gold, J.), rendered June 10, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's argument that the People failed to prove his knowledge of the weight of the drugs in his possession, as required by *People v Ryan* (82 NY2d 497), is unpreserved for appellate review as a matter of law by appropriate objection to the court's charge of a motion to dismiss specifically directed at the alleged insufficiency (*People v Gray*, 86 AD2d 11) and we decline to review the issue in the interest of justice.

Likewise unpreserved is defendant's claim that the trial court improperly discharged a sworn juror prior to the completion of jury selection, defendant having failed to put his specific objections on the record before the juror left the courtroom at a time when the court could have corrected the claimed error (*see, People v Jackson*, 189 AD2d 563, *lv denied* 81 NY2d 887), and we decline to review the issue in the interest of justice. If we were to do so, we would find that the court's authority to discharge a juror under CPL 270.15 (3) prior to impanelment is not, as defendant argues, limited to instances of "illness or other incapacity", and is as broad as it is under CPL 270.35 to discharge after impanelment. Concur—Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.