■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROPO OYEWOLE, Appellant. [633 NYS2d 41] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 27, 1994, convicting him of sexual abuse in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's assertion that the court improperly discharged a sworn juror in the midst of jury selection is without merit. The sworn juror called the clerk of the court and informed him that her daughter was sick at home with chicken pox, and that there was no one else available to care for the child. The juror estimated that she could return to jury service by the end of the following week. Upon receiving this information, the court properly released the juror (*see, e.g., People v Harris*, 204 AD2d 240). Contrary to the defendant's contention, a court's power to discharge a sworn juror prior to impanelment pursuant to CPL 270.15 (3) is not limited to instances of personal "illness or other incapacity", and is as broad as it is under CPL 270.35 (*see, People v Green*, 216 AD2d 170).

The defendant further argues that his express waiver of his right to be present during sidebar discussions with jurors pursuant to *People v Antommarchi* (80 NY2d 247) did not constitute an effective waiver of his right to be present during discussions of the sort contemplated in *People v Sloan* (79 NY2d 386). This claim is also meritless. A defendant's waiver of his right to be present under *Antommarchi* necessarily encompasses his related right under *Sloan*, because the *Antommarchi* decision stands for the general proposition that a defendant has a right to be present at sidebar discussions with jurors concerning *all* forms of bias, hostility, and predisposition regarding the case on trial (*see, People v Antommarchi*, 80 NY2d 247, 250, *supra*). Accordingly, a defendant's waiver of his rights under *Antommarchi* necessarily contemplates a waiver of his right to be present at sidebar discussions of possible bias deriving from jurors' exposure to, *inter alia*, pretrial publicity and media coverage.

The defendant's sentence is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.