■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID O'KANE, Appellant. [637 NYS2d 384] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered March 22, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Giving deference to the jury's credibility determinations (see, People v Bleakley, 69 NY2d 490, 495), the testimony of the undercover police officer, which included an account of a hand-to-hand exchange with defendant and detailed descriptions of defendant and his accomplices, established that defendant sold two vials of cocaine and possessed additional cocaine with intent to sell it. Defendant's other claim that the IAS Court improperly discharged a sworn juror before the completion of jury selection is without merit, the juror having been unable to provide "unambiguous assurances that [he] * * * could deliberate fairly" (People v Rodriguez, 71 NY2d 214, 220). "[T]he court's

authority to discharge a juror under CPL 270.15 (3) prior to impanelment is not, as defendant argues, limited to instances of 'illness or other incapacity', and is as broad as it is under CPL 270.35 to discharge after impanelment." (*People v Green*, 216 AD2d 170, 171, *lv denied* 86 NY2d 842.) While the prosecutor and the court erroneously used the term "peremptory" challenge, the inquiry conducted with the juror prior to his discharge clearly concerned his fitness to serve, and the court properly found the juror "disqualified". Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.