■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY OWENS, Appellant. [738 NYS2d 566] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered September 28, 1998, convicting defendant, after a jury trial, of

criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree, and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's argument that the court lacked authority to discharge a sworn juror as "grossly unqualified" prior to the completion of jury selection is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would adhere to our prior decisions rejecting that argument (see, People v Marquez, 264 AD2d 634, lv denied 94 NY2d 825; People v O'Kane, 224 AD2d 182, lv denied 88 NY2d 939; People v Green, 216 AD2d 170, lv denied 86 NY2d 842).

The court properly exercised its discretion in declining to provide a "stronger" curative instruction to the panel in response to comments displaying a possible racial bias that had been made by a prospective juror who was ultimately excused for cause. The court's inquiry of the panel and its receipt of appropriate assurances from the prospective jurors were sufficient to deal with this incident (see, People v Davis, 58 NY2d 1102). Further comment by the court would have created the risk of introducing a racial issue where none existed. Concur—Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.