■ The People of the State of New York, Respondent, v Isaac Jones, Appellant. [759 NYS2d 467] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered August 1, 2000, convicting defendant, after a jury trial, of rape in the first degree (two counts), robbery in the first degree (six counts), sexual abuse in the first degree (four counts), and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 155 years to life, unanimously modified, on the law and in the interest of justice, to the extent of reducing the first degree robbery convictions to robbery in the second degree, vacating the sentences imposed thereon and remanding for resentencing as to those convictions, and further modified, on the law, to the extent of vacating the sentences imposed on the third degree weapons possession convictions and remanding for resentencing as to those counts, and otherwise affirmed.

The court properly exercised its discretion in discharging a sworn juror who failed to appear in court within two hours of the time set by the court for the trial to resume. After conducting a thorough inquiry, in which it spoke to the juror by telephone and also questioned the court officers, the court properly discredited the juror's claim that he had, in fact, appeared at the end of the luncheon recess and been told that the trial had recessed for the day. Accordingly, CPL 270.35 (2) permitted the court to replace the juror (*see People v Jeanty*, 94 NY2d 507 [2000]).

Defendant's claim that the court lacked authority to discharge a sworn juror who was unqualified prior to the completion of jury selection is unpreserved (*see People v Owens*, 292 AD2d 218 [2002]), and we decline to review in the interest of justice. Were we to review this claim, we would adhere to our prior decisions rejecting that argument (*see People v Owens, supra; People v Marquez*, 264 AD2d 634 [1999], *lv denied* 94 NY2d 825 [1999]; *People v O'Kane*, 224 AD2d 182 [1996], *lv denied* 88 NY2d 939 [1996]).

The challenged portions of the prosecutor's summation constituted a fair and measured response to defendant's introduction of a thinly disguised racial issue in an attempt to draw sympathy from the jury (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). The prosecutor's response did not denigrate defendant's counsel. In any event, were we to find any error in the challenged remarks, we would find the error to be harmless in light of the overwhelming evidence of defendant's guilt.

Any error in the admission of a hearsay statement concerning the identification of certain stolen jewelry was harmless beyond a reasonable doubt since there is no reasonable possibility that it might have contributed to the conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). In addition to the fact that the evidence as a whole was overwhelming, the hearsay statement at issue was duplicative of other evidence that was properly admitted (*see People v Sanders*, 56 NY2d 51, 66 [1982]).

The court should have granted defendant's request for a jury instruction on the affirmative defense to first degree robbery set forth in Penal Law § 160.15 (4), along with submission of second degree robbery. Defendant's confession, which was admitted as part of the People's direct case, contained a statement to the effect that the weapon defendant was carrying during the robberies was a toy gun. This statement provided a reasonable basis in the evidence for the jury to conclude that

the firearm displayed by defendant was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged (*see People v Smith*, 55 NY2d 888 [1982]). The evidence warranted this instruction notwithstanding the fact that defendant raised inconsistent defenses (*People v Butts*, 72 NY2d 746, 748 [1988]), and the People's argument to the contrary is without merit. We conclude that, under the circumstances of this case, reduction of the first degree robbery convictions to robbery in the second degree with a remand for resentencing on those convictions would provide defendant with an appropriate remedy for the charging error.

As the People concede, defendant was incorrectly sentenced as a persistent violent felony offender on his convictions of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1), since weapon possession under that subdivision is not a violent felony. Accordingly, we also remand for resentencing as to those convictions.

We have considered and rejected the argument raised in defendant's pro se supplemental brief.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Gonzalez, JJ.