■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER DAVIS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. SYLVESTER DAVIS, Appellant, v WARDEN OF ARTHUR KILL CORRECTIONAL FACILITY et al., Respondents. [769 NYS2d 888]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered March 8, 2002, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of reducing the conviction to robbery in the second degree, vacating the sentence and remanding for resentencing, and otherwise affirmed. Order, Supreme Court, Bronx County (John Byrne, J.), entered December 17, 2001, which dismissed defendant's habeas corpus petition, unanimously affirmed, without costs.

On this record, there was sufficient question as to the nature of the unseen object so that the court should have granted defendant's request to charge the jury on the affirmative defense to robbery in the first degree (Penal Law § 160.15 [4]). "A defendant is entitled to a charge on the affirmative defense to robbery in the first degree when there is presented sufficient evidence for the jury to find by a preponderance of the evidence that the elements of the defense are satisfied, i.e., that the object displayed was not a loaded weapon capable of producing death or other serious physical injury" (*People v Gilliard,* 72 NY2d 877, 878 [1988]). Under the circumstances of the case, reduction of the conviction to robbery in the second degree with a remand for resentencing would provide an appropriate remedy for the charging error (*see e.g. People v Jones,* 305 AD2d 264, 266 [2003]). There is no merit to defendant's argument that the conviction should be reduced to robbery in the third degree.

The record fails to support defendant's claim that he was absent during discussions concerning jurors during delibera-

tions (*see People v Velasquez*, 1 NY3d 44 [2003]). In any event, the discussions were merely ministerial, and thus defendant's presence was not required (*see People v Hameed*, 88 NY2d 232, 240-242 [1996]). Nothing in the court's colloquy amounted to a legal instruction of any kind.

In view of our affirmance of defendant's conviction as modified, there is no basis for reversal of the order denying habeas corpus relief. Concur—Nardelli, J.P., Sullivan, Rosenberger, Lerner and Gonzalez, JJ.