■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO PAREDES, Also Known as GUILLERMO PARADES, Appellant. [817 NYS2d 196]—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 18, 2003, unanimously affirmed. No opinion. Order filed. Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER DAVIS, Appellant. [818 NYS2d 37]—

Judgment of resentence, Supreme Court, Bronx County (Joseph Fisch, J.), rendered February 5, 2004, as amended March 18, 2004, resentencing defendant, as a second violent felony offender, to a term of 11 years, upon his conviction after a jury trial of robbery in the second degree, unanimously affirmed.

The court properly exercised its discretion in resentencing defendant without the aid of an updated presentence report. Upon defendant's appeal from his original conviction of first-degree robbery and sentence of 18 years, this Court concluded that the affirmative defense under Penal Law § 160.15 (4) should have been charged, and that "[u]nder the circumstances of the case, reduction of the conviction to robbery in the second degree with a remand for resentencing would provide an appropriate remedy for the charging error" (3 AD3d 339, 339 [2004], *lv denied* 2 NY3d 761 [2004]). Defendant was continuously incarcerated, and it was well within the resentencing court's discretion to decide that it did not need additional information about defendant's conduct in prison (*see People v Kuey*, 83 NY2d 278, 282-283 [1994]). We have considered and rejected defendant's remaining claims. Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.