■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHMEL OWENS, Appellant. [24 NYS3d 717]—

Appeal by the defendant from a judgment of the Supreme

Court, Nassau County (Spergel, J.), rendered December 12, 2013, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, there is no merit to the defendant's contention that he was deprived of the effective assistance of counsel due to his attorney's failure to call an expert witness to testify concerning the reliability of eyewitness identification (*see People v Abney*, 13 NY3d 251 [2009]; *People v Stultz*, 2 NY3d 277, 287 [2004]).

Nevertheless, reversal and a new trial are required based upon the Supreme Court's improvident exercise of discretion in discharging a sworn juror. During voir dire, a juror who had already been sworn expressed concerns that she might know someone who knew the defendant. The court, in the presence of the prosecutor, the defendant, and defense counsel, briefly questioned the juror. According to statements made on the record, the juror was very emotional while relating that she had a discussion with a coworker, who she saw every day, about kids doing "stupid things," and when she asked the coworker about a case involving his cousin's nephew, she found out that the nephew in question was the defendant. With the consent of all counsel involved, the court then spoke alone to the juror in camera, where she apparently continued to be very emotional and said, "I don't know if I can be fair." When pressed further, she stated only that she questioned whether she could be fair given the fact that a person she sees "every single day" actually knows the defendant. Without any further questioning, the court sua sponte discharged the juror.

Upon returning to the courtroom, the Supreme Court explained its decision as follows: "I do not believe that [the juror] will be able to be part of this jury. In fact, I think she would be a bigger distraction than anything else and would certainly end up off this jury at some point because of her emotional state. I don't know specifically what the issue is, why she is so upset, nor could I get it out of her and I tried. It's just a general feeling of the situation. But, in any event, I have decided to remove her."

Defense counsel immediately objected to the Supreme Court's unilateral action in discharging the sworn juror without providing the parties with an opportunity to be heard. Under the circumstances presented, we agree that the court's decision constitutes reversible error.

At the outset, with respect to counsel's right to be present during the questioning of the sworn juror (see People v Harris, 99 NY2d 202, 212 [2002]; People v Darby, 75 NY2d 449, 453 [1990]; People v Mullen, 44 NY2d 1, 5-6 [1978]), the People correctly contend that such right was waived when counsel expressly consented to allow the Supreme Court to conduct the in camera inquiry alone with the juror (see People v Pennisi, 217 AD2d 562, 563 [1995]; People v Bailey, 146 AD2d 788, 789 [1989]). That waiver, however, cannot reasonably be understood to extend to the court's subsequent, unilateral action in discharging the juror during the in camera interview.

As a matter of procedure, the court, at a minimum, should have informed all parties of the substance of the in camera interview and provided each side with an opportunity to be heard before making its determination to discharge the sworn juror (see People v Rentz, 67 NY2d 829 [1986]; People v Wilson, 106 AD2d 146, 149 [1985]; cf. CPL 270.35 [2] [b]). Contrary to the defendant's contention, however, this procedural error, standing alone, was not inherently prejudicial (see People v Garay, 25 NY3d 62 [2015]). Nevertheless, affording all sides an opportunity to be heard in this case might well have allowed counsel to oppose the court's proposed disposition before it became a fait accompli. Further questioning of the juror might have revealed the underlying reasons for her uncertainty, thereby assisting the court in making an informed decision as to whether discharge of the juror was warranted.

Based on the Supreme Court's very limited questioning of the subject juror, we find that the court improvidently exercised its discretion in discharging her. Assuming, as both parties contend, that the court's authority to discharge the sworn juror must be considered under CPL 270.35 (compare People v

*Knowles*, 79 AD3d 16, 23-24 [2010], *People v O'Kane*, 224 AD2d 182, 182-183 [1996], *People v Oyewole*, 220 AD2d 624 [1995], *and People v Green*, 216 AD2d 170 [1995], *with People v Wilson*, 106 AD2d at 150; *but see* CPL 270.15 [3]; *see also People v Wells*, 15 NY3d 927 [2010]), the court made little effort to ascertain whether the juror could, in fact, deliberate fairly and render an impartial verdict. In making such an important determination with respect to a sworn juror, "the court may not speculate as to possible partiality of the juror based on her equivocal responses. Instead, it must be convinced that the juror's knowledge will prevent her from rendering an impartial verdict" (*People v Buford*, 69 NY2d 290, 299 [1987]). As nothing approaching the required level of certainty can be gleaned from the record, we reverse the judgment and order a new trial. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.