■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE HOUGH, Appellant. [28 NYS3d 628]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Spergel, J.), rendered December 12, 2013, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), and giving it the benefit of every reasonable inference which could be drawn from the circumstantial evidence adduced (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, as we held on the appeal of the defendant's codefendant, the Supreme Court improvidently exercised its discretion discharging a sworn juror (*see People v Owens*, 136 AD3d 841 [2016]). As such, a new trial must be ordered. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.