People v Hough (2016 NY Slip Op 03012)





People v Hough


2016 NY Slip Op 03012


Decided on April 20, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 20, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
THOMAS A. DICKERSON
L. PRISCILLA HALL
SANDRA L. SGROI, JJ.


2013-11390
 (Ind. No. 1427/12)

[*1]The People of the State of New York, respondent,
v
Dwayne Hough, appellant.


Beverly Van Ness, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Joseph Mogelnicki of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Spergel, J.), rendered December 12, 2013, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, and a new trial is ordered.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), and giving it the benefit of every reasonable inference which could be drawn from the circumstantial evidence adduced (see People v Lewis, 64 NY2d 1111, 1112), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, as we held on the appeal of the defendant's codefendant, the Supreme Court improvidently exercised its discretion discharging a sworn juror (see People v Owens, 136 AD3d 841). As such, a new trial must be ordered.
MASTRO, J.P., DICKERSON, HALL and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court