People v Elliot (2021 NY Slip Op 05401)





People v Elliot


2021 NY Slip Op 05401


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Ind No. 4594/16, 1890/18, 1890/18 Appeal No. 14316 Case No. 2019-5051 

[*1]The People of the State of New York, Respondent,
v
Joseph Elliot, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Cyrus R. Vance, Jr. District Attorney, New York (Patricia Curran of counsel), for respondent. 



Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at suppression hearing; Althea E. Drysdale, J. at jury trial and sentencing), rendered May 30, 2019, as amended October 15, 2019, convicting defendant of criminal possession of a controlled substance in the fifth degree and bail jumping in the first degree, and sentencing him, as a second felony offender, to consecutive terms of three years and 2½ to 5 years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. At a homeless shelter with an ongoing problem with drug activity, an officer with the Department of Homeless Services saw defendant drop from his pocket a large quantity of thumbnail sized plastic bags. Although the bags appeared to be empty, the officer knew by way of her training and experience that these bags were used to package drugs. This provided probable cause for the arrest of defendant on a drug paraphernalia charge (see Penal Law § 220.50[2]), which led to the recovery of drugs as incident to that arrest. Defendant has suggested no innocent explanation for his possession of such a large quantity of bags of that type, and, in any event, "probable cause does not require proof beyond a reasonable doubt or the exclusion of every reasonable innocent explanation" (People v Lewis, 50 AD3d 595, 595 [1st Dept 2008], lv denied 11 NY3d 790 [2008]). Additionally, the same officer had arrested defendant a week earlier for drug possession.
The trial court providently exercised its discretion in discharging a sworn juror. The record supports the court's finding that the juror did not sufficiently speak or understand English to serve as a juror. In particular, the juror was unable to understand, despite the court's introductory remarks, that his jury service would last more than one day. Furthermore, the court was able to observe the juror's limited command of English, which is reflected in the record. Defendant's claim that the court used the wrong standard for discharging a sworn juror before the completion of jury selection is unpreserved (see People v Owens, 292 AD2d 218 [1st Dept 2002]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see id.).
The court also providently exercised its discretion when it denied defendant's request for a missing witness charge. In opposing the charge, the People established that the witness was unavailable despite reasonably diligent efforts to secure her attendance (see e.g. People v Delacruz, 276 AD2d 387, 387 [1st Dept 2000], lv denied 96 NY2d 758 [2001]). In addition, they met their burden of showing that the witness's testimony would have been cumulative under the circumstances of the case, notwithstanding the court's misstatement of the burden of proof on that issue (see People v Smith, 33 NY3d 454, 459 [2019]).
We perceive no basis for reducing the sentence.
We have considered [*2]and rejected defendant's remaining claims, including those in his pro se brief. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021